**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                      No. 96-4797

SIDNEY LOUIS GROSS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CR-96-178-A)

Submitted: December 9, 1997

Decided: February 9, 1998

Before WILKINS, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Raymond D. Kline, Alexandria, Virginia, for Appellant. Michael
Edward Rich, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sidney Louis Gross appeals his convictions of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (1994), and introducing crack cocaine into a penal institution, in violation of D.C. Code Ann.§ 22-2603 (1996). He also appeals the district court's order denying his motion for judgment of acquittal. The district court sentenced Gross to twenty-seven months imprisonment followed by a three-year term of supervised release. We affirm.

Gross's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal. Gross's counsel provided him with a copy of the Anders brief and informed him of his right to file a pro se supplemental brief. In the Anders brief, Gross's counsel discussed whether the district court abused its discretion by allowing the Government to introduce evidence of Gross's prior marijuana distribution conviction and whether sufficient evidence supported Gross's conviction. Gross's supplemental brief also challenges the sufficiency of the evidence supporting his conviction and asserts that he received ineffective assistance of counsel during his trial.

Gross entered the visitor's checkpoint area at Lorton Reformatory Correctional Center to visit inmate Lonnie Parkman. To obtain entrance into the facility, Gross submitted to a personal search. Lorton Reformatory Correctional Officer Corporal Richard Price searched Gross and recovered a black zip-lock baggie containing a single white rock-like substance from Gross's right front watch pocket. Price immediately detained Gross and summoned his superior, Lieutenant Graves, because of the apparent illegal nature of the recovered substance. Initially, Graves determined that the sample size was too small to test for controlled substance, and Gross was released. Thereafter, officers from the Drug Interdiction Unit arrived and stated that the recovered substance was of sufficient size for testing purposes. Upon seizure and subsequent chemical testing, the substance tested positive for the presence of cocaine. Gross was again taken into custody. During his interview with Federal Bureau of Investigation agents, Gross

2

became agitated and denied the offense, stating that he did not know where the cocaine had come from, speculating that someone else could have worn his pants and left the drugs behind. Gross also stated that he was familiar with the laws banning the introduction of drugs into the facility and that if he had intended to smuggle drugs into the facility, he would have thought of a much better hiding place.

Gross contends on appeal that the district court abused its discretion by allowing the Government to present evidence that Gross was previously convicted of distribution of marijuana, contrary to Fed. R. Evid. 403, because "its probative value [was] substantially outweighed by the danger of unfair prejudice." We find no merit to this assertion.

The evidence of a prior conviction of a similar act was admissible under Fed. R. Evid. 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. On several occasions, the district court carefully instructed the jury as to the limited purpose for which this evidence was admitted. The district court further admonished that such evidence could not be used as evidence of Gross's character or propensity to commit a crime or that he acted in conformity with the prior bad act. The scope of permissible Rule 404(b) evidence under Rule 403 is consigned to the sound discretion of the trial court, and we defer to the district court's balancing under the rule, unless it is shown to be arbitrary or an irrational exercise of discretion.[1] We find no abuse of discretion on the present facts.

Gross further contends that, but for the introduction of his prior conviction, he would not have been convicted. Contrary to his assertion, the evidence against Gross was strong. We address this claim in conjunction with Gross's claim that his conviction was not supported by substantial evidence. The question here is "whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt."[2]

_____

**1** **See Garraghty v. Jordan**, 830 F.2d 1295, 1298 (4th Cir. 1987).

**2** **United States v. Tresvant**, 677 F.2d 1018, 1021 (4th Cir. 1982).

3

The testimony during the jury trial provided substantial evidence on which a reasonable trier of fact could have found Gross guilty beyond a reasonable doubt. Price's testimony provided an ample basis for establishing Gross's possession of the drug. Captain Grillo testified to the methods used by drug traffickers at Lorton Reformatory, stating that bringing in small amounts was typical of those who engage in the practice of distributing controlled substances within the penal facility. His testimony concerning known distribution practices at Lorton Reformatory similarly supported a finding of intent to distribute. The amount of drugs and packaging that are sufficient to show intent to distribute in the prison setting may be very different from those applicable in another context. Viewing the facts here in the setting in which they occurred, the jury's verdict was amply supported.

As a further challenge to the sufficiency of the evidence supporting his conviction, Gross contends that the district court abused its discretion in allowing Captain Grillo to testify as an expert. Grillo's testimony as an expert in the area of narcotics distribution in a prison setting has repeatedly been accepted by this court and we see no reason now to question his ability to testify in that capacity. Further, because Grillo did not opine as to Gross's intent to distribute, but rather, noted that even a small amount of a controlled substance is consistent with distribution in a prison setting, his testimony did not run afoul of Fed. R. Evid. 704(b). We therefore find that the district court did not abuse its discretion in admitting testimony.[3]

In his pro se supplemental brief, Gross challenges several of his counsel's trial decisions in support of his claim that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are generally not appropriate on direct appeal and should be raised in a motion pursuant to 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), unless the record conclusively shows that counsel did not provide effective assistance.[4] Here, the record does not conclusively show that counsel's representation fell below an objective standard of reasonableness:[5] Because there is no error on the face of the record,

---

**3** **See United States v. Gastiaburo** , 16 F.3d 582, 589 (4th Cir. 1994).
**4** **See United States v. DeFusco**, 949 F.2d 114, 120-21 (4th Cir. 1991).

**5** **See generally Strickland v. Washington**, 466 U.S. 668, 688 (1984).

4

Gross's claim of ineffective assistance of counsel is not properly before this court and must be dismissed.

We affirm Gross's convictions. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5